

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL.
ATTORNEY GENERAL

March 5, 1976

The Honorable M. James Moritz
Secretary-Treasurer
Texas State Board of Dental
    Examiners
718 Southwest Tower
7th & Brazos Streets
Austin, Texas  78701

Opinion No. H-790

Re:  Authority of the
Dental Laboratory Advisory
Board.

Dear Doctor Moritz:

You have requested our opinion regarding the authority of the Dental Laboratory Advisory Board.  Specifically, you ask:

> 1.  Whether the Dental Laboratory Advisory Board may call meetings on its own initiative.
>
> 2.  Whether the Dental Laboratory Advisory Board may incur expenses without the prior approval of the Texas State Board of Dental Examiners.
>
> 3.  Whether the authority of the Dental Laboratory Advisory Board is "advisory" in nature.
>
> 4.  Whether the Texas State Board of Dental Examiners is obliged to follow the recommendations of the Dental Laboratory Advisory Board with regard to matters within the latter's statutory authority.

The Dental Laboratory Advisory Board was created by the Legislature in 1973.  Its enabling statute provides in part:

> The Dental Laboratory Advisory Board shall advise the Texas State Board of Dental Examiners on all matters concerning dental laboratories and dental technicians; and the Texas State Board of Dental Examiners shall refer to the Dental Laboratory Advisory Board all matters concerning rules, fees, registration and all other matters affecting dental laboratories and dental technicians for the Advisory Board's study and recommendations thereon and such Advisory Board shall forward its recommendations, within a reasonable time, to the Texas State Board of Dental Examiners for its action upon such recommendations; and, if the majority of the members of the Texas State Board of Dental Examiners shall concur with the recommendations of the Dental Laboratory Advisory Board, then the rules, regulations or changes therein pertaining to dental laboratories and dental technicians shall be put into effect by the Texas State Board of Dental Examiners as part of its rules and regulations. The members of the Dental Laboratory Advisory Board shall be entitled to receive the same per diem payable to the members of the Texas State Board of Dental Examiners plus such travel and other expenses as are incurred in the attendance of meetings of such Board. No practicing dentist shall be a member of the Dental Laboratory Advisory Board. V.T.C.S. art. 4551f(6)(b).

By requiring the Dental Laboratory Advisory Board to "advise the Texas State Board of Dental Examiners on all matters concerning dental laboratories and dental technicians," the statute clearly contemplates that the Dental Laboratory Advisory Board should hold meetings. In addition,

a subsequent portion of the statute provides a per diem allowance and reimbursement of other expenses to Board members while "in the attendance of meetings." The Dental Laboratory Advisory Board, however, is not granted the power to adopt any rules or regulations, although such authority is expressly conferred upon the Board of Dental Examiners by article 4551d, V.T.C.S.

Since the authority to call meetings is a necessary adjunct of the power to hold such meetings, we believe that the Dental Laboratory Advisory Board is authorized to call meetings on its own initiative. As the court stated in Corzelius v. Railroad Commission, 182 S.W.2d 412 (Tex.Civ. App. -- Austin, 1944, no writ):

> It is . . .well settled . . . that when a statute imposes a mandatory duty upon a governmental agency to carry out the express and specifically defined purposes and objectives stated in the law, such statute carries with it by necessary implication the authority to do whatever is reasonably necessary to effectuate the legislative mandate and purpose. Id. at 415.

As to your second question, article 4551f(6)(b) authorizes members of the Dental Laboratory Advisory Board "to receive the same per diem payable to the members of the Texas State Board of Dental Examiners plus such travel and other expenses as are incurred in the attendance of meetings of such Board." Funds for "Advisory Board Members Per Diem," are specifically budgeted in the current appropriation for the Board of Dental Examiners. Acts 1975, 64th Leg., ch. 743 at 2591. No other funds, however, are specifically appropriated for the Dental Laboratory Advisory Board alone, and the statute creating the Board does not empower it to incur any expenses other than those for per diem, travel, and other expenses "incurred in the attendance of meetings." In our opinion, the limited authority granted to the Board by article 4551f and the fact that travel and expense funds to be utilized by the Advisory Board are commingled with the agency's appropriations supports the inference that the Advisory Board does not have a general spending

power.  Board of Insurance Com'rs v. Guardian Life Ins.
Co., 180 S.W.2d 906, 908 (Tex.Sup. 1944).  As a result, we
believe that the Dental Laboratory Advisory Board is without
authority to incur any other expenses without the prior
approval of the Board of Dental Examiners.  The expenses
which can be incurred are, of course, subject to reasonable
budgetary limitations.

Your third and fourth questions involve the nature of
the authority conferred upon the Dental Laboratory Advisory
Board.  We have received a brief suggesting that under
article 4551f(6)(b), V.T.C.S., the only procedure by which
the Board of Dental Examiners may promulgate rules relating
to dental laboratories or dental technicians is to concur in
the recommendations of the Dental Laboratory Advisory Board.
The brief analogizes the relationship of the Board of Dental
Examiners and the Dental Laboratory Advisory Board to the
relationship between the two houses of a bicameral legisla-
ture.  Under this interpretation, no rule could be adopted
relating to dental laboratories or to dental technicians
unless both boards approved precisely the same wording.
However, article 4551d(1) provides:

> The Texas State Board of Dental
> Examiners shall have the same power and
> authority to adopt, promulgate and
> enforce rules and regulations consistent
> with statutory and constitutional authority
> pertaining to dental laboratories and
> dental technicians, including classes of
> technicians, qualifications, standards,
> and examination for registration and as
> is contained in Article 4551d, after the
> Texas State Board of Dental Examiners
> has received the recommendations of the
> Dental Laboratory Advisory Board.

The authority to promulgate rules clearly is given to
the Board of Dental Examiners.  The authority of the Dental
Laboratory Advisory Board is advisory in nature.  Although

the Board of Dental Examiners is required to seek the advice of the Dental Laboratory Advisory Board in matters relating to dental laboratories and dental technicians, it is not obliged to follow those recommendations. It may accept, reject or amend them.

### S U M M A R Y

The Dental Laboratory Advisory Board is empowered in the first instance to call meetings on its own initiative. The Dental Laboratory Advisory Board is without authority to incur expenses except those for per diem, travel and other expenses incurred in the atten- dance of meetings, unless it has the prior approval of the Board of Dental Examiners. The Board of Dental Examiners is not obliged to follow the recommendations of the Dental Laboratory Advisory Board, but may adopt, amend or reject them.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb